# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES DAVID WESLEY CARR,**

    Plaintiff,

v.                                                                                                                      **Civil Action No.5:09cv24**
                                                                                                                      **(Judge Stamp)**

**WILLIAM J. FORBES, Attorney;**
**PAUL ZAKAIB, JR, Judge;**
**TERESA WAID, Nurse;**
**DAVID PROCTOR, M.D.;**
**BOBBY MILLER, M.D.-Ph.D;**
**DONALD P. MORRIS, P.A;**
**CRAIG E. STUMP, State Police Officer;**
**JOHN P. SULLIVAN, P.D. Attorney;**
**ANDREA J. HINERMAN,**

    Defendants.

## REPORT AND RECOMMENDATION

On February 20, 2009, the plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983. On February 24, 2009, the plaintiff was granted permission to proceed *in forma pauperis* and was relieved of the duty of prepayment of initial filing fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I. The Complaint

In his complaint, the plaintiff alleges that he is suffering serious physical pain because of lack of medical care. The plaintiff claims that his genitals are swollen and very sore, that he is

suffering from a double hernia, that his neck is very sore as a result of a beating that occurred while incarcerated at another location, that the area of his kidneys are very sore, and that he is suffering bleeding from his anus. The plaintiff states that the he is intentionally being denied medical care and that this is causing him to continually suffer physical pain from the stated conditions. As relief, the plaintiff seeks immediate medical protection, immediate medical treatment and examination, and monetary damages.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous, or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R.Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

## III. Analysis

## A. Exhaustion of Remedies

An action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Porter v. Nussle, 534 U.S. 516, 524 (2002). Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion, as provided in §1997e(a), is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter at 517. Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741. The United States Supreme Court has held that proper exhaustion of administrative remedies is necessary, thus precluding inmates from filing untimely or otherwise procedurally defective administrative grievances or appeals and then pursuing a lawsuit alleging the same conduct raised in the grievance. See Woodford v. Ngo, 548 U.S. 81, 83 (2006). In Woodford, the United States Supreme Court clarified that the PLRA exhaustion requirement requires proper exhaustion. Id. at 84. The Court noted that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The Court found that requiring proper exhaustion fits with the scheme of the PLRA, which serves three main goals: (1) eliminating unwarranted federal court interference with the administration of prisons; (2) "afford corrections officials time and opportunity to address complaints internally before allowing the

initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Id. at 93-94. As the Court concluded, "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 95.

"The West Virginia [Division] of Corrections has a three-level grievance process for prisoners to grieve their complaints. On the first level, a prisoner must file a G-1 Grievance Form with the Unit Supervisor. Only if the inmate receives no response or is unsatisfied with the response received at Level One may the inmate then proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. The inmate may then appeal the Level Two decision to the Commissioner of the Division of Corrections." Roddy v. W.Va., No. 5:05cv170, 2008 WL 5191243 * 3 (FN5) (N.D.W.Va. 2008).

The plaintiff has included, in his complaint, all of his G-1 Grievance Forms, and they appear to show that he has attempted to exhaust his available administrative remedies. However, he has not included any appeal forms and it does not appear from the included forms that the appeal process is complete. Because it appears from the complaint that the plaintiff's administrative remedies have not been exhausted, this action could be dismissed. However, even if the plaintiff did fully exhaust his administrative remedies, the complaint must still be dismissed for the reasons stated below.

**B. Defendants Miller; Morris; Hinerman; Forbes; Sullivan; Zakaib, Jr; Stump; and Ward**

Pursuant to Rule 8(a) of the Federal Rules if Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's's jurisdiction depends...(2) a short and plain statement of the claim **showing that the pleader is entitled to relief**,

4

and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by the plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted).

"Liability under the doctrine of respondeat superior is not applicable to claims under 42 U.S.C. §1983." Orum v. Haines, 68 F.Supp. 2d 726, 728 (N.D.W.Va. 1999). "Liability may attach to the conduct causing the deprivation if carried out to effectuate an official policy or custom for which the official is responsible, or if an official actually participates or acquiesces in the violation, or if the officials fail to supervise and control its subordinates, or if the supervisor has knowledge of a pervasive risk of harm and "fails to take reasonable remedial steps to prevent such harm." Id. (internal citations omitted).

The plaintiff does not mention Bobby Miller, Donald Morris, or Andrea Hinerman in the complaint other than naming them as defendants. Because the plaintiff does not allege any complaints against these three defendants, they must be dismissed from the action.

Defendants William Forbes; Paul Zakaib, Jr; Craig Stump; and John Sullivan are only mentioned in the complaint insofar as they were involved with the plaintiff in a previously litigated case. There are no allegations mentioned in the complaint that deals with the plaintiff's medical conditions with regards to any of these four defendants. Therefore, they must be dismissed from the action.

Defendant Ward is only mentioned in the complaint in that she did not give the plaintiff a copy of a letter that he had sent to her. There is no allegation against Defendant Ward regarding the plaintiff's medical condition, whatsoever. Therefore, she must be dismissed from this action.

### C. **Defendant Proctor**

The Eighth Amendment protects prisoners from punishments which "'involve the unnecessary and wanton infliction of pain' or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted). These principles apply to the conditions of a prisoner's confinement and require that the conditions within a prison comport with "contemporary standard[s] of decency" to provide inmates with "the minimal civilized measure of life's necessities." Id. at 347; see also Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that both the treatment of prisoners and the conditions of their confinement are subject to scrutiny under the Eighth Amendment). Therefore, while "'the Constitution does not mandate comfortable prisons,'" it also "does not permit inhumane one." Id. (quoting Rhodes, 452 U.S. at 349).

To state a claim under the Eighth Amendment, plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v.

Seiter, 501 U.S. 294, 298 (1991). When dealing with claims of inadequate medical attention, the objective component is satisfied by a serious medical condition.

A medical condition is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987) *cert. denied,* 486 U.S. 1006 (1988).[1]

A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347. Thus, while failure to provide recommended elective knee surgery does not violate the Eighth Amendment, Green v. Manning, 692 F.Supp. 283 (S.D. Ala.1987), failure to perform elective surgery on an inmate serving a life sentence would result in permanent denial of medical treatment and would render the inmate's condition irreparable, thus violating the Eighth Amendment. Derrickson v. Keve, 390 F.Supp. 905, 907 (D.Del.1975). Further, prison officials must provide reasonably prompt access to elective surgery. West v. Keve, 541 F. Supp. 534 (D. Del. 1982) (Court found that unreasonable delay occurred when surgery was recommended in October 1974 but did not occur until March 11, 1996.)

---

[1] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kansas 1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

The subjective component of a "cruel and unusual punishment" claim is satisfied by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

In the instant case, while the plaintiff may be able to establish that he suffers from a serious medical condition, satisfying the objective component of his Eighth Amendment claim, he cannot satisfy the subjective component of his Eighth Amendment claim, because there is no evidence that Dr. Proctor acted with deliberate indifference. The exhibits that the plaintiff attached to his complaint clearly show that Dr. Proctor took reasonable steps to ensure that the plaintiff's medical conditions were properly managed. Dr. Proctor performed examinations and numerous tests of the plaintiff's neck, stomach, and back. There have been EKG's performed on the plaintiff to ensure that he does not have a heart condition. And with regards to the plaintiff's bleeding from his anus, the defendant has requested multiple stool samples and set various appointments with the plaintiff to have this checked, which the plaintiff has not done (See Doc. 1-3. pp. 6, 10, 12, 14, 16, 18). Therefore, it is clear that the plaintiff does not have an Eighth Amendment claim against Defendant Proctor, and he must be dismissed from this action.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further recommended that the plaintiff's pending motions (Docs. 15, 16, 18, 22, 24, 30) be **DENIED** as **MOOT.**

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 5/29/09

                                                          /s/ James E. Seibert  
                                                         JAMES E. SEIBERT  
                                                         UNITED STATES MAGISTRATE JUDGE