IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DAVID WESLEY CARR,

    Plaintiff,

v.  Civil Action No. 5:09CV24
                                          (STAMP)

WILLIAM J. FORBES, Attorney,
PAUL ZAKAIB, Jr., Judge,
TERESA WAID, Nurse,
DAVID PROCTOR, M.D.,
BOBBY MILLER, M.D.-Ph.D,
DONALD P. MORRIS, P.A.,
CRAIG E. STUMP, State Police Officer
of the South Charleston State Police,
JOHN P. SULLIVAN, P.D., Attorney
and ANDREA J. HINERMAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR PROTECTION,
PLAINTIFF'S MOTION OF REQUEST - SERIOUS PHYSICAL PAIN,
PLAINTIFF'S REQUEST OF A RESTRAINING ORDER,
PLAINTIFF'S MOTION TO APPOINT COUNSEL,
PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL
AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

I.  Background

The pro se[1] plaintiff, James David Wesley Carr, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that he is suffering serious physical pain because of lack of medical care. Specifically, the plaintiff states that his genitals are swollen and very sore, that he is suffering from a double hernia, that his neck is sore as a result of a beating

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

that occurred while incarcerated at another location, that the area of his kidneys are sore, and that he is suffering bleeding from his anus.  The plaintiff states that he is intentionally being denied medical care.  As relief, the plaintiff seeks immediate medical protection, medical treatment and examination, as well as monetary damages.  Following his complaint, the plaintiff also filed several motions, including a motion for protection, a motion of request - serious physical pain, a request of a restraining order, a motion to appoint counsel, a second motion to appoint counsel, and a motion for protective order.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice, and that all remaining motions be denied as moot.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections.  For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

A. Defendants Miller, Morris, Hinerman, Forbes, Sullivan, Zakaib, Jr., Stump, and Ward

The magistrate judge, in his report and recommendation, recommends that the claims against defendants Miller, Morris, Hinerman, Forbes, Sullivan, Zakaib, Jr., Stump, and Ward be dismissed because the plaintiff fails to state a claim for which relief can be granted against these defendants.

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that

he has a valid claim of some type against defendant." Miqdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

The magistrate judge found that the plaintiff does not mention defendants Miller, Morris, or Hinerman in the complaint other than naming them as defendants. Furthermore, the plaintiff only discusses defendants Forbes, Zakaib, Jr., Stump, and Sullivan insofar as they were involved with the plaintiff in a previously litigated case. Thus, the magistrate judge recommended that the claims against these defendants be dismissed because of the plaintiff's failure to state a claim for which relief can be granted. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

After a de novo review, this Court agrees with the decision by the magistrate judge in his report and recommendation. A thorough review of the plaintiff's complaint reveals that the plaintiff fails to make specific allegations against defendants Miller, Morris, Hinerman, Forbes, Sullivan, Zakaib, Jr., Stump, and Ward. Accordingly, the plaintiff's claims against these defendants must be dismissed for the plaintiff's failure to include a short and plain statement of the claim showing that he is entitled to relief against these defendants, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

B.  <u>Defendant Proctor</u>

The plaintiff asserts that defendant Proctor violated his constitutional rights by being deliberately indifferent to his medical needs. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert denied</u>, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. <u>Id.</u> at 303. In <u>Miltier v. Beorn</u>, 896 F.2d 848, 851

5

(4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert recommends that the Eighth Amendment claim against defendant Proctor must be dismissed because the plaintiff cannot satisfy the subjective component of his Eighth Amendment claim. Particularly, the magistrate judge found that there is no evidence that defendant Proctor acted with deliberate indifference, but that instead, he took reasonable steps to ensure that the plaintiff's medical conditions were properly managed. Defendant Proctor performed examinations and numerous tests of the plaintiff's neck, stomach, and back. An EKG was performed to ensure that the plaintiff does not have a heart condition. Furthermore, defendant Proctor requested on multiple occasions that the plaintiff submit stool samples and set appointments concerning bleeding from his anus, which the plaintiff has not done. Based upon a de novo review, this Court agrees in the magistrate judge's recommendation that the claim against defendant Proctor must be dismissed.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections thereto lack merit, this Court hereby AFFIRMS and ADOPTS

the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE. Furthermore, in light of this Court's holding, the plaintiff's motion for protection, motion of request - serious physical pain, request of a restraining order, motion to appoint counsel, second motion to appoint counsel, and motion for protective order are all DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the clerk is directed to enter judgment on this matter.

DATED: November 5, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE